IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICIA HOLLOMAN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____: |
| | : | |
| v. | : | |
| | : | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **COMPLAINT**

COMES NOW, Plaintiff in the above-styled action, Patricia Holloman (hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., shows this Court the following:

1.

Plaintiff is an individual residing at 3532 Jordan Road, Byron, Peach County, Georgia 31008.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits due to her under the terms of her plans.

3.

Defendant, The Lincoln National Life Insurance Company (hereinafter "Defendant"), is a corporation organized and existing pursuant to the laws of the State of Indiana. Defendant at all times relevant to this Complaint maintained offices and conducted business in the State of

Georgia. Service of process may be perfected upon Defendant's registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff was employed as a Textile Clerk at GIGA, Inc., which provided a Short Term Disability (STD) Plan insured by Defendant (Policy No.: 000010096541 (hereinafter "the STD Plan") and Long Term Disability (LTD) Plan insured by Defendant (Policy No.: 000010096540) (hereinafter "the LTD Plan") (collectively referred to as "the Plans"). At all relevant times hereto, GIGA, Inc., was an employer engaged in commerce; therefore, the Plans are governed by ERISA pursuant to 29 U.S.C. §1003(a).

7.

At all times during the course of her employment with GIGA, Inc., Plaintiff was a participant in the Plans and is, therefore, entitled to STD and LTD benefits from the same.

8.

Plaintiff's disability commenced on or about May 26, 2009, and she filed a timely STD claim with Defendant. Defendant denied Plaintiff's STD claim contending that her medical information did not establish that she was "disabled" from the main duties of her "own occupation."

9.

Plaintiff appealed Defendant's decision in a timely manner. She provided further medical

documentation that showed she was to be "disabled" due to a myriad of impairments including, but not limited to: arthritis, severe muscle spasms, joint pain, fibromyalgia syndrome with chronic pain, anxiety, panic disorder, and other related medical impairments. However, Defendant ignored the evidence and affirmed the decision to deny her STD benefits.

11.

Given that Plaintiff remained "disabled" beyond the LTD Plan's required "elimination period," Plaintiff also requested benefits under the LTD Plan. However, by letter dated June 11, 2012, Defendant denied Plaintiff's LTD claim.

12.

On September 7, 2012, Plaintiff appealed Defendant's decision and provided additional evidence including a "Fully Favorable" social security disability (SSD) decision. However, despite this evidence, by letter dated July 10, 2013, Defendant affirmed its denial and stated that no further review or action would be conducted in regard to Plaintiff's claims and that all administrative remedies were exhausted.

13.

Defendant ignored the evidence of record and the additional relevant information, and wrongly denied Plaintiff's STD and LTD benefits.

14.

Defendant's failure to determine Plaintiff eligible for STD and LTD benefits on the basis of her demonstrated "disability" was "arbitrary and capricious" and was the result of its disregard of medical and other documentation showing that Plaintiff is "disabled" under the terms of both of the Plans.

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of her full STD and LTD disability benefits accrued and unpaid to date;

(b) Order Defendant to reinstate Plaintiff as a beneficiary and to pay Plaintiff her monthly disability benefit to which she is entitled from this point forward;

(c) Award Plaintiff reasonable attorneys' fees and cast all costs of this action against Defendant;

(d) Order Defendant to pay Plaintiff interest on all monies due and owed;

(e) Deny Defendant any applicable offsets as equitable relief.

(f) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 27th day of February, 2014.

           WESTMORELAND, PATTERSON, MOSELEY
             & HINSON, LLP
           Attorneys for Plaintiff

           s/BRADLEY G. PYLES
           Georgia Bar No.: 590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651